PEOPLE v BROWN (ON REMAND)

Docket No. 202792. Submitted April 28, 1997, at Lansing. Decided June 10, 1997, at 9:15 A.M.

Kevin A. Brown was convicted following a bench trial in the Detroit Recorder's Court, M. John Shamo, J., of two counts of second-degree murder, one count of assault with intent to commit armed robbery, and one count of possession of a firearm during the commission of a felony. The Court of Appeals, GRIBBS, P.J., and P. E. DEEGAN (SHEPHERD, J., dissenting), affirmed. 206 Mich App 530 (1994). The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeals for reconsideration in light of *People v Bender*, 452 Mich 594 (1996), of the defendant's claim that his rights to remain silent and to counsel were violated when the police officer who conducted the defendant's second custodial interrogation failed to inform the defendant before the defendant made a confession that an attorney retained by the defendant's mother was immediately available for consultation. 454 Mich 885 (1997).

On remand, the Court of Appeals *held*:

Administrative Order No. 1996-4 constrains the Court of Appeals to follow *People v Young*, 222 Mich App 498 (1997), in holding that *Bender*, which holds that a defendant is precluded from making a knowing and intelligent waiver of the rights to remain silent and to counsel if the police fail to inform the defendant that a retained attorney is immediately available, is to be applied retroactively.

Reversed and remanded for a new trial at which evidence of the confession at issue must be suppressed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Nancy A. Neff*, Assistant Prosecuting Attorney, for the people.

American Civil Liberties Union Fund of Michigan (by *Paul J. Denenfeld* and *Neal Bush*), for the defendant on appeal.

ON REMAND

Before: GRIBBS, P.J., and SAAD and MARKEY, JJ.

PER CURIAM. This matter has been remanded to us by our Supreme Court for reconsideration in light of *People v Bender*, 452 Mich 594; 551 NW2d 71 (1996). 454 Mich 885 (1997). We reverse.

The underlying facts are set out in Judge SHEPHERD's thorough dissenting opinion in *People v Brown*, 206 Mich App 535, 541; 522 NW2d 888 (1994). At issue was whether defendant's statements to police were given voluntarily and without coercion where the police did not tell defendant that an attorney hired by defendant's mother was present at the time of interrogation. It is now clearly the law in Michigan that a defendant is precluded from making a knowing and intelligent waiver of his rights to remain silent and to counsel if the police fail to inform him that a retained attorney is immediately available to consult with him. *Bender, supra* at 597.

Moreover, it has been determined by a panel of this Court that *Bender* is to be applied retroactively. *People v Young*, 222 Mich App 498; 565 NW2d 5 (1997). We are bound by Administrative Order No. 1996-4[1] to follow this Court's decision in *Young*. Accordingly, we reverse defendant's conviction and remand for a new trial at which defendant's second statement is to be suppressed.

[1] 451 Mich xciii.

Reversed and remanded. We do not retain jurisdiction.